**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| AMERISOURCEBERGEN SPECIALTY GROUP, INC., | § § § | |
| Plaintiff, | § § | CASE NO. 4:13-CV-755-RAS |
| vs. | § § | JURY TRIAL DEMANDED |
| FFF ENTERPRISES, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF AMERISOURCEBERGEN SPECIALTY GROUP, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF STANDING**

## I. INTRODUCTION

By way of a seven-page motion for leave with thirteen exhibits spanning over one hundred pages,[1] Defendant FFF Enterprises, Inc. ("FFF") requests leave to file a supplemental five-page brief in support of its Motion to Dismiss for Lack of Standing—a motion which has already been fully briefed by the parties. The document FFF claims "unquestionably confirms" that ASD Healthcare, Inc. ("ASD") owns U.S. Patent No. 8,285,607 (the "'607 Patent") is yet another document (a settlement agreement) related to the development of the Cubixx product— not ownership of the '607 Patent.[2] The settlement agreement does not purport to assign U.S. Patent Application No. 11/607,832 (which issued as the '607 Patent) to ASD nor does it override

---

[1] Def.'s Motion for Leave to File Supplemental Brief In Support of Its Motion to Dismiss for Lack of Standing ("Motion for Leave") at 1 (Dec. 31, 2014), ECF No. 64.

[2] *See* Ex. 7 to FFF's Motion for Leave, Confidential Settlement Agreement and Mutual Releases between Vending Technology, Inc., Andrew T, Fausak, and ASD Specialty Healthcare, Inc. (Feb. 10, 2012).

the legally binding assignment executed by Dale Danilewitz ("Danilewitz Assignment"). The Court should deny FFF's request for leave.

## II.   ARGUMENT AND AUTHORITIES

The only issue for the court with respect to FFF's Motion to Dismiss is whether AmerisourceBergen Specialty Group, Inc. ("ABSG") has standing. The legally binding document relevant to this inquiry is the Danilewitz Assignment.[3] Because both parties have argued that the Danilewitz Assignment is unambiguous, the Court should deny FFF's request for leave to rely on extrinsic evidence on this basis alone.

FFF has repeatedly tried to prove that ASD is the owner of the '607 by directing the Court to documents related to the development of the Cubixx product which have no bearing on the ownership of the '607 Patent and thus carry no weight in the determination of ABSG's standing. FFF attempts to do the same here. FFF seeks to reopen briefing over a settlement agreement from an unrelated lawsuit between ASD, Vending Technology, Inc. ("VT"), and Andrew Fausak, which arose from a dispute over the Development License and Supply Agreement between the parties to develop the Cubixx product.[4] All allegations related to inventorship or ownership of intellectual property were disposed of on summary judgment,[5] and the settlement agreement resulted in the assignment of an *unrelated abandoned* patent

---

[3] Ex. B to FFF's Motion to Dismiss for Lack of Standing (Nov. 4, 2014), Assignment of U.S. Patent Application No. 11/607,832 (Feb. 14, 2007), ECF No. 49.

[4] *See* Ex. 7 to FFF's Motion for Leave, Confidential Settlement Agreement and Mutual Releases between Vending Technology, Inc., Andrew T, Fausak, and ASD Specialty Healthcare, Inc. (Feb. 10, 2012).

[5] *See* Order Granting Def.'s Motions for Summary Judgment, *Vending Tech., Inc., v. ASD Specialty Healthcare, Inc. d/b/a AmerisourceBergen Specialty Group*, No. 06-11800 (14th Dist. Ct., Dallas County, Tex. Aug. 29, 2008).

application to "ASD Specialty Healthcare, Inc." and payment to VT for monies allegedly owed under the agreement.[6]

The Local Rules provide that, "[a]bsent leave of court, no further submissions on the motion are allowed" after the reply and sur-reply.[7] The settlement agreement is redundant of the other extraneous documents already relied on by FFF.

### III.   CONCLUSION

FFF's Motion for Leave to File a Supplemental Brief in Support of Its Motion to Dismiss For Lack of Standing should be denied.

---

[6] *See* Ex. 7 to FFF's Motion for Leave, Confidential Settlement Agreement and Mutual Releases between Vending Technology, Inc., Andrew T, Fausak, and ASD Specialty Healthcare, Inc. at 3, ¶ 2.1 (ABSG_006168) and Exhibit A (ABSG_006189) (Feb. 10, 2012).

[7] E.D. Tex. Local Rule CV-7(f).  FFF improperly relies on *In re Eckstein Marine Service L.L.C.* to support its position that "it is important that 'the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court.'"  *See* FFF's Motion for Leave at 6, ECF No. 64.  In *In re Eckstein Marine Service L.L.C.*, the court held that the plaintiff was not deprived of the opportunity to be heard and stated that, "an *oral hearing* is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court."  *In re Eckstein Marine Service L.L.C.*, 672 F.3d 310, 319-20 (5th Cir. 2012).

Dated: January 20, 2015

Respectfully submitted,

By: */s/Jamil N. Alibhai*
    Jamil N. Alibhai
    Texas State Bar No. 00793248
    jalibhai@munckwilson.com
    Jason A. Blackstone
    Texas State Bar No. 24036227
    jblackstone@munckwilson.com
    Tiffany M. Cooke
    Texas State Bar No. 24087340
    tcooke@munckwilson.com
    **MUNCK WILSON MANDALA, LLP**
    12770 Coit Road, Suite 600
    Dallas, Texas 75251
    Telephone: 972.628.3600
    Telecopier: 972.628.3616

**COUNSEL FOR PLAINTIFF AMERISOURCEBERGEN SPECIALTY GROUP, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was served upon on counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure, on January 20, 2014.

*/s/Jamil N. Alibhai*
Jamil N. Alibhai

646052.

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR LEAVE**
    **PAGE 4**