**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **AMERISOURCEBERGEN SPECIALTY GROUP, INC.,**<br><br>**Plaintiff & Counterclaim-Defendant,**<br><br>**v.**<br><br>**FFF ENTERPRISES, INC.,**<br><br>**Defendant & Counterclaim-Plaintiff.** | **CASE NO. 4:13-CV-00755-RAS** |

**DEFENDANT FFF ENTERPRISES, INC.'S RENEWED MOTION TO STAY LITIGATION PENDING COVERED BUSINESS METHOD REVIEW**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. CBM REVIEW PROCEDURAL BACKGROUND ..... 1

III. ADDITIONAL BACKGROUND ..... 2

  A. Litigation History ..... 2

  B. The '607 Patent Asserted by ABSG ..... 4

  C. FFF Enterprises' CBM Petition ..... 4

IV. LEGAL STANDARDS ..... 5

V. ARGUMENT ..... 6

  A. Congress Unequivocally Advocated Staying Litigation Pending CBM Review ..... 7

  B. All Four Factors Weigh Strongly In Favor of Granting a Stay ..... 8

    1. Staying the Litigation Will Simplify or Eliminate Issues for Trial ..... 8

    2. The Stage of Litigation Favors a Stay ..... 10

    3. Accordingly, this factor strongly favors granting a stay. Staying the Litigation Will Not Prejudice ABSG ..... 11

    4. Staying the Litigation Will Reduce the Burden on the Parties and the Court ..... 13

VI. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Credit Acceptance Corp. v. Westlake Servs., LLC*,
No. CV 13–01523 SJO, 2013 WL 7144391 (C.D. Cal. Dec. 30, 2013) ................................8, 9

*Landmark Tech., LLC v. The ADT Corp.*,
No. 6:13–CV–00758-JDL, 2014 WL 2997371 (E.D. Tex. July 3, 2014)..................................7

*Landmark Tech. LLC v. iRobot Corp.*,
No. 6:13–CV–00411–JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ....................... *passim*

*Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*,
922 F. Supp. 2d 486 (D. Del. 2013)..........................................................................7, 11

*MoneyCat Ltd. v. PayPal Inc.*,
No. 3:14–cv–02490–JST, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014) ..................................3

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*,
Nos. 1:10–CV–01370, 1:11–CV–00082, 1:12–CV–01068, 1:12–CV–01070,
2013 WL 1662952 (N.D. Ohio Apr. 17, 2013).......................................................8, 9

*Sightsound Techs., LLC v. Apple, Inc.*,
No. 11–1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013).......................................................8

*Versata Software, Inc. v. Callidus Software, Inc.*,
771 F.3d 1368 (Fed. Cir. 2014).....................................................................................3

*Versata Software, Inc. v. Volusion, Inc.*,
No. A–12–CA–893–SS, 2013 WL 6912688 (W.D. Tex. June 20, 2013)..............................7, 9

*VirtualAgility Inc. v. Salesforce.com*,
759 F.3d 1307 (Fed. Cir. 2014)......................................................................... *passim*

*Xilidev, Inc. v. Boku, Inc.*,
No. 3:13–cv–02793–DMS–NLS, 2014 WL 3353256 (N.D. Cal. July 1, 2014)......................12

*Zillow, Inc. v. Trulia, Inc.*,
No. C12–1549JLR, 2013 WL 5530573 (W.D. Wash. Oct. 17, 2013).......................................7

**Statutes**

35 U.S.C. § 321 ........................................................................................................ 4

Leahy-Smith America Invents Act,
Pub. L. No. 112-29, § 18(b), 125 Stat. 284, 329-31 (2011) ........................................ 4, 5, 6, 8

**Other Authorities**

37 C.F.R. § 42.300 ........................................................................................................ 4

157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) .................................................................. 7

157 Cong. Rec. S1363-64 (daily ed. Mar. 8, 2011) .............................................................. 7

157 Cong. Rec. S5432 (daily ed. Sept. 8, 2011) ................................................................... 4

## I. INTRODUCTION

Defendant FFF Enterprises, Inc. ("FFF Enterprises") respectfully submits this Renewed Motion to Stay Litigation Pending Covered Business Method Review (the "Renewed Motion") and respectfully requests that the Court stay this lawsuit. In light of the Patent Trial and Appeal Board's ("PTAB") January 29, 2015, decision to institute Covered Business Method Review ("CBM Review") of the patent-in-suit (U.S. Patent No. 8,285,607, the "'607 Patent"), a stay should be granted because the CBM Review will very likely dispose of this litigation in its entirety or, at the very least, simplify the issues for discovery and trial. At the same time, a stay will conserve the resources of the parties and of the Court, and will not unduly prejudice ABSG in the highly unlikely event that the '607 Patent survives the CBM Review intact.

## II. CBM REVIEW PROCEDURAL BACKGROUND

1. On July 11, 2014, FFF Enterprises petitioned the PTAB to institute CBM review (the "CBM Petition") and cancel both claims of the '607 Patent. (Ex. 1.)[1]

2. On July 15, 2014, FFF Enterprises filed its Motion to Stay Litigation Pending Covered Business Method Review (the "Original Motion to Stay"). (Dkt. No. 23.) Additional briefing on the Original Motion to Stay is reflected in Dkt. Nos. 29, 31, and 35.

3. On January 5, 2015, the Court issued its Memorandum Opinion and Order Denying Defendant FFF Enterprises, Inc.'s Motion to Stay Litigation Pending Covered Business Method Review. (Dkt. No. 66.) The Court's Order expressly stated that "[t]he motion to stay is denied without prejudice to refiling of the same if post-grant review is instituted." (*Id.* at 4.)

4. On January 29, 2015, two business days before the filing of this Renewed Motion, the PTAB granted FFF Enterprises' CBM Petition as to both claims of the '607 Patent, thereby

[1] All exhibits are attached to the co-filed Declaration of Thomas B. Walsh, IV.

instituting CBM Review with respect to the '607 Patent. (Ex. 2.) The PTAB concluded that "***it is more likely than not that claims 1 and 2 of the '607 patent are unpatentable***." (*Id.* at 20 (emphasis added).) In light of the PTAB's decision to ***institute*** the CBM Review, FFF Enterprises respectfully renews its request to stay this action pending resolution of the CBM Review before the USPTO, as contemplated by this Court's Memorandum Opinion and Order Denying Defendant FFF Enterprises, Inc.'s Motion to Stay Litigation Pending Covered Business Method Review. (Dkt. No. 66 at 4.)

## III. ADDITIONAL BACKGROUND

### *A. Litigation History*

ABSG filed its complaint against FFF Enterprises on December 24, 2013, alleging infringement of the '607 Patent. (Dkt. No. 1.) ABSG served the complaint 45 days later on February 7, 2014. (Dkt. No. 23-3.) FFF Enterprises timely answered and counterclaimed. (Dkt. No. 5.) Although initially pleading for preliminary injunctive relief in its Complaint (Dkt. 1 at 4), ABSG has never taken any follow up action to obtain such relief.

An initial scheduling conference was held on May 5, 2014. (Dkt. No. 16.) A Scheduling Order issued the same day (Dkt. No. 17), and an Amended Scheduling Order issued three days later on May 8, 2014 (Dkt. No. 18). The Court also entered a Supplement to the Amended Scheduling Order. (Dkt. 20.)

The Federal Circuit recently stated that "[g]enerally, the time of the motion [to stay] is the relevant time to measure the stage of litigation." *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). Here, the Original Motion to Stay was denied as *premature and without prejudice* to refiling of the same in the event that post-grant review was instituted (which has now occurred). FFF Enterprises submits that this circumstance present here is essentially identical to a situation where a motion to stay is filed, not ruled upon, and then

renewed by the moving party after the CBM Review is instituted because, in both circumstances, the effect is to allow the PTAB make its institution decision before ruling on the motion to stay. Accordingly, in addition to *VirtualAgility*, other recent case law supports finding that the Original Motion to Stay is the relevant timeframe from which to measure the progress of the litigation. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1370, 1373-74 (Fed. Cir. 2014); *see also MoneyCat Ltd. v. PayPal Inc.*, No. 3:14–cv–02490–JST, 2014 WL 5689844, at *1, 4 (N.D. Cal. Nov. 4, 2014). Here, at the time of FFF Enterprises' Original Motion to Stay on July 15, 2014, significant case deadlines were still many months away, for instance:

- a *Markman* hearing was not scheduled to occur until January 8, 2015 (Dkt. No. 18 ¶ 3(e));
- fact discovery was not scheduled to close until March 13, 2015 (*id.* ¶ 7);
- expert discovery was not scheduled to close until May 29, 2015 (*id.* ¶ 4(b)); and
- trial was not set until October 26, 2015 (*id.* ¶ 13).

At the time of the Original Motion to Stay, discovery was certainly in its initial stages. No depositions had been noticed or taken at that time. Although the parties exchanged interrogatories and requests for production shortly after discovery commenced in March, 2014, at the time of the Original Motion to Stay, ABSG had produced only 9 documents totaling 346 pages—297 of which were the public file history for the '607 Patent. (*See* Dkt. No. 23-4.) The parties had also exchanged initial contentions. On April 25, 2014, ABSG served its initial infringement contentions, and on June 16, 2014, FFF Enterprises served its initial invalidity contentions.[2]

[2] FFF Enterprises notes for the Court's benefit that FFF Enterprises recently filed a motion to supplement its invalidity contentions on January 30, 2015. (*See* Dkt. No. 71.)

Neither a protective order nor an e-discovery order had been entered at the time of the Original Motion to Stay, and the Court had not yet made any substantive rulings. At the time of the Original Motion to Stay, FFF Enterprises was not aware of any related cases involving the '607 Patent.[3]

*B. The '607 Patent Asserted by ABSG*

The '607 Patent (Ex. 3) asserted against FFF Enterprises "is directed, in general, to inventory management and tracking systems." (*Id.* at 1:18-19.) The '607 Patent has only two claims, which are substantially similar to one another. (*Id.* at 9:10-10:17.) ABSG has asserted both claims against FFF Enterprises in this action.

*C. FFF Enterprises' CBM Petition*

On July 11, 2014, less than a month after serving its invalidity contentions, FFF Enterprises filed the CBM Petition for review of the '607 Patent with the PTAB. *See* 35 U.S.C. § 321; 37 C.F.R. § 42.300. CBM proceedings are available for patents "claiming activities that are financial in nature, incidental to a financial activity or complementary to a financial activity." 157 Cong. Rec. S5432 (daily ed. Sept. 8, 2011) (statement of Senator Schumer) (describing the intended scope of the definition of "covered business method patent" set forth in § 18(d)(1) of the Leahy-Smith America Invents Act ("AIA")). The PTAB correctly found that the '607 Patent is eligible for CBM review. (Ex. 2 at 6-9.)

[3] FFF Enterprises later filed (on October 10, 2014) a declaratory judgment complaint in the Central District of California, Eastern Division, against ASD Specialty Healthcare, Inc., ABSG, and Dale B. Danilewitz (the named inventor of the '607 Patent). *See* Case No. 5:14-cv-02092-BRO-DTB. The Central District of California is the proper venue for resolving the controversies related to the '607 Patent raised by the declaratory action since ABSG lacks standing to assert this lawsuit in the Eastern District of Texas. FFF Enterprises subsequently dismissed Mr. Danilewitz from the Central District of California action without prejudice.

A copy of the CBM Petition as well as a copy of the supporting expert declaration[4] are attached as Exhibits 1 and 4, respectively. In the CBM Petition, FFF Enterprises requested that the PTAB cancel both claims of the ’607 Patent as unpatentable over the prior art. As noted above, on January 29, 2015, the PTAB ***granted FFF Enterprises’ CBM Petition*** and ***instituted CBM Review*** with respect to the ’607 Patent. (Ex. 2.) The PTAB concluded that “it is more likely than not that claims 1 and 2 of the ’607 patent are unpatentable.” (*Id.* at 20.)

## IV. LEGAL STANDARDS

The AIA sets forth four factors courts should consider in deciding whether to enter a stay pending CBM review:

(1) whether a stay will simplify the issues in question and streamline the trial;

(2) whether discovery is complete and whether a trial date has been set;

(3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(4) whether a stay will reduce the burden of litigation on the parties and the court.

Pub. L. No. 112-29, § 18(b), 125 Stat. 284, 329-31 (2011). Applying these factors to a case with similar facts, the Federal Circuit recently held that a district court abused its discretion in refusing to enter a stay of litigation pending CBM review. *See VirtualAgility*, 759 F.3d at 1320 (Fed. Cir. 2014) (reversing order denying defendants’ motion for stay and remanding with instructions to grant stay).

---

[4] Dr. Richard Billo prepared and submitted a declaration in support of FFF Enterprises’ CBM Petition. Dr. Billo is Associate Vice President for Research and Professor of Computer Science and Engineering at the University of Notre Dame, and is an expert in the field of inventory management and control systems. He founded the Automatic Data Capture Laboratory at the University of Texas–Arlington, which researched RFID technologies.

## V. ARGUMENT

Each of the four statutory factors in the AIA strongly favors staying this litigation. *First*, now that the PTAB has decided to institute the CBM Review, it is even more likely that the PTAB will cancel both claims of the '607 Patent, and thereby resolve the parties' dispute without the need for any further litigation in this Court. *Second*, a stay should be granted because this case was in its early stages at the time of the Original Motion to Stay—little discovery had actually occurred, and all important case deadlines were many months away. In addition, as of the date of this Renewed Motion, fact discovery does not close for about another 6 weeks (it does not close until March 13), and the trial is not scheduled to occur until approximately 9 months from now. In addition, by staying the case now, the parties will be able to forego (i) the remainder of fact discovery (including at least several depositions that the parties are in the process of scheduling), (ii) all expert reports and expert discovery, (iii) all dispositive motion practice, (iv) all pretrial work and trial preparation work, and (iv) the entire trial itself. *Third*, a stay will not prejudice ABSG because it has elected to pursue money damages, and because it had expended few resources on litigating the case so far—even as of the filing of this Renewed Motion, ABSG has not taken a single fact witness deposition yet in this case. *Fourth*, and finally, granting a stay will reduce the burden of litigation on all involved by avoiding litigation that could well be resolved during the course of the CBM Review.

FFF Enterprises has proceeded expeditiously throughout this case. FFF Enterprises filed its CBM Petition within a month of serving its invalidity contentions. Moreover, FFF Enterprises met and conferred with ABSG the next business day after having filed the CBM Petition, and then filed its Original Motion to Stay the next business day after having learned that ABSG would oppose a stay. Moreover, FFF Enterprises is filing its Renewed Motion to Stay one business day after having conferenced with ABSG and learning that ABSG would continue

to oppose a stay despite the PTAB's decision to institute CBM Review. Accordingly, FFF Enterprises respectfully renews its request that the Court stay these proceedings.

*A. Congress Unequivocally Advocated Staying Litigation Pending CBM Review*

Congress made clear that the statutory stay factors should almost always weigh in favor of granting a stay. Indeed, "it is ***nearly impossible*** to imagine a scenario in which a district court would not issue a stay," 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Charles Schumer) (emphasis added), and denying a stay would require "***an extraordinary and extremely rare*** set of circumstances not contemplated in any of the existing case law related to stays pending reexamination," 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (emphasis added). "Absent some ***exceptional circumstance***, the institution of a business-methods proceeding—which requires a high up-front showing and will be completed in a relatively short period of time—should serve as a substitute for litigation, and result in a stay of co-pending district court litigation." *Id.* at S1364 (emphasis added).

Judges, both in this District and in other districts, have recognized that "Section 18 'places a very heavy thumb on the scale in favor of stay being granted.'" *See, e.g.*, *Landmark Tech. LLC v. iRobot Corp.*, No. 6:13–CV–00411–JDL, 2014 WL 486836, at *1 (E.D. Tex. Jan. 24, 2014) (staying proceedings until the PTAB issues a determination whether it will institute CBM review); *Landmark Tech., LLC v. The ADT Corp.*, No. 6:13–CV–00758–JDL, 2014 WL 2997371, at *2 (E.D. Tex. July 3, 2014); *Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 490 n.4 (D. Del. 2013); *Zillow, Inc. v. Trulia, Inc.*, No. C12–1549JLR, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 17, 2013) (observing that "the four-factor test was designed to increase the likelihood that the court will grant a stay when a party initiates a transitional CBM review"); *Versata Software, Inc. v. Volusion, Inc.*, No. A–12–CA–893–SS, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) ("It is congressional intent that a stay should only be denied in

extremely rare instances.") (quoting 157 Cong. Rec. S1363); *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, Nos. 1:10–CV–01370, 1:11–CV–00082, 1:12–CV–01068, 1:12–CV–01070, 2013 WL 1662952, at *3 (N.D. Ohio Apr. 17, 2013) ("[T]he AIA is designed to increase the likelihood that a stay will be granted when transitional CBM review … has been instituted.").

As discussed below, the four statutory factors weigh strongly in favor of granting a stay.

*B. All Four Factors Weigh Strongly In Favor of Granting a Stay*

1. <u>Staying the Litigation Will Simplify or Eliminate Issues for Trial</u>

Granting a stay will simplify the issues for trial—and, in fact, will potentially eliminate all issues for trial—particularly now that the PTAB has decided to institute and go forward with CBM Review proceedings. Moreover, courts have noted that staying an infringement case pending administrative review of the patent-in-suit's validity can simplify litigation because:

- the outcome of the administrative review may encourage a settlement without further involvement of the court;[5]
- issues, defenses, and evidence will be more easily limited in pre-trial conferences; and
- the cost will likely be reduced both for the parties and the Court.

*See Landmark Tech.*, 2014 WL 486836, at *2-3 (citing *Market-Alerts*, 922 F. Supp. 2d at 491); *Sightsound Techs., LLC v. Apple, Inc.*, No. 11–1292, 2013 WL 2457284, at *2 (W.D. Pa. June 6, 2013); *see also Credit Acceptance Corp. v. Westlake Servs., LLC*, No. CV 13–01523 SJO (MRNx), 2013 WL 7144391, at *3 (C.D. Cal. Dec. 30, 2013) (holding that "review by the PTAB is likely to considerably simplify issues" because of the potential impact on possible arguments); *Progressive*, 2013 WL 1662952, at *4 ("Because it appears virtually certain that the landscape of the litigation will be significantly different following the PTAB proceedings, it is wasteful to

[5]According to USPTO statistics, so far in Fiscal Year 2015, about half of CBM reviews were disposed of by settlement. (*See* Ex. 5.)

now engage in litigation over patent claims that are likely to be altered or invalidated in the course of CBM review.”).

Here, consistent with the prevailing view in the case law, CBM Review of the ’607 Patent would simplify the issues for trial because:

(1) all of the claims of the ’607 Patent may be canceled, thus disposing of the entire case, as the CBM review instituted as to all such claims, *see VirtualAgility*, 759 F.3d at 1314 (finding it significant that “CBM review [covered] ***all*** asserted claims of the ***sole*** asserted patent,” and thus observing that “CBM review could dispose of the entire litigation: the ultimate simplification of issues” (emphasis original));

(2) the related Central District of California action referenced above is in its preliminary stages, having just been served on December 23, and no schedule having yet been set by the court in that action. Further, if the PTAB cancels both claims of the ’607 Patent, the Central District of California action would also not need to go forward. Moreover, if this action in the Eastern District of Texas is stayed, FFF Enterprises will also seek to stay the Central District of California action so that the CBM Review proceeding can move forward alone;

(3) there are no other asserted patents for which litigation would continue;

(4) the CBM Review may elicit evidence that streamlines trial issues;

(5) the outcome of the CBM Review may encourage the parties to settle; and

(6) the Court would be relieved from addressing many invalidity issues, conserving the resources of the Court and the parties.

Moreover, courts will weigh these simplification measures early on in CBM proceedings, even if simplification appears merely “speculative.” *Credit Acceptance Corp.*, 2013 WL 7144391, at *3-4 (holding that by “narrowing the number of arguments that all Defendants can present to this Court, staying the CBM proceedings can help simplify the issues and streamline litigation, even if the PTAB denies the CBM Petition or only cancels some of the claims”); *Versata Software*, 2013 WL 6912688, at *2 (“Even if only some claims are ultimately held invalid, the number of asserted claims in this case will necessarily decrease and the issues for trial will be simplified.”); *Progressive*, 2013 WL 1662952, at *5 (reasoning that even when the

PTAB "may not address every single ground of invalidity and every art reference" and only a "few of those claims may survive without amendment does not mean that the issues will not be significantly streamlined").

This factor strongly weighs heavily in favor of a stay. *See VirtualAgility*, 759 F.3d at 1314 ("In this case, however, where CBM review has been granted on all claims of the only patent at issue, ***the simplification factor weighs heavily*** in favor of the stay." (emphasis added)).

2. The Stage of Litigation Favors a Stay

"Staying a case at an early juncture 'can be said to advance judicial efficiency and maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims.'" *See Landmark Tech.*, 2014 WL 486836, at *3-4 (E.D. Tex. Jan. 24, 2014) (citing *Market-Alerts*, 922 F. Supp. 2d at 494 (alteration in original) (citation omitted)). Staying the case conserves the resources of all involved.

A stay should be granted here because this case was in its early stages at the time of the Original Motion to Stay—little discovery had actually occurred, and all important case deadlines were many months away (the close of fact discovery was over eight months away, the close of expert discovery was nearly 11 months away, and trial was over 15 months away). In addition, as of the filing of this Renewed Motion, only three fact witness depositions have been taken (all by FFF Enterprises and none by ABSG), fact discovery still does not close for about another 6 weeks (March 13, 2015), and the trial is not scheduled to occur until approximately 9 months from now. In addition, by staying the case now, the parties will be able to forego (i) the remainder of fact discovery (including several depositions that the parties are in the process of scheduling), (ii) all expert reports and expert discovery, (iii) all dispositive motion practice, (iv) all pretrial work and trial preparation work, and (iv) the entire trial itself. Although a *Markman* hearing was held on January 8, 2015, the Court has not yet issued a *Markman* ruling.

Granting a stay avoids the possibility that the parties and the Court will expend resources continuing to litigate claims that will likely be cancelled, particularly now that the PTAB has decided to institute.

3. <u>Accordingly, this factor strongly favors granting a stay. Staying the Litigation Will Not Prejudice ABSG</u>

Staying the litigation will not unduly prejudice ABSG. "[T]he potential for delay does not, by itself, establish ***undue*** prejudice." *Market-Alerts,* 922 F. Supp. 2d at 494 (emphasis in original) (citing *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09–571–JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010)). In *Landmark Technologies*, Judge Love found that a delay in proceeding that would result from a stay pending CBM Review is not unduly prejudicial. Judge Love's finding was based on "the reduced time-frame allotted by Congress for CBM Review completion" and the filing of the motion to stay five months into the litigation. *Landmark Tech.*, 2014 WL 486836, at *4. Other courts consider the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties when determining whether a plaintiff would be unduly prejudiced. *See Market-Alerts*, 922 F. Supp. 2d at 494.

In this case, the CBM Petition was filed promptly. In fact, FFF Enterprises filed the CBM Petition less than one month after serving its invalidity contentions. Further, FFF Enterprises filed its Original Motion to Stay before significant discovery occurred, and as soon as possible after filing the CBM Petition. Moreover, FFF Enterprises filed this Renewed Motion two business days after the PTAB decided to institute as to both claims of the '607 Patent and one business after having conferenced with ABSG and learning that ABSG would continue to oppose a stay despite the PTAB's decision to institute. Given the strength of the CBM Petition, as reflected in the PTAB's decision to institute, as well as the merits of FFF Enterprises' Original

Motion to Stay and the merits of this Renewed Motion to Stay, neither the CBM Petition nor the two motions to stay can be considered as being filed for any dilatory or improper purpose. *See VirtualAgility*, 2014 WL 3360806, at *9 (finding no evidence of a "dilatory motive" where defendants filed motion to stay "almost immediately after filing the petition"); *Landmark Tech.*, 2014 WL 486836, at *4 (finding no undue prejudice where a CBM petition was filed nearly 6 months after the complaint was filed and the motion to stay was filed nearly three weeks later).

ABSG also cannot legitimately point to competitor status with FFF Enterprises as a way to manufacture undue prejudice resulting from a stay. As an initial matter, ABSG waited 45 days to serve the complaint on FFF Enterprises. In addition, as noted above, although initially pleading for preliminary injunctive relief in its Complaint, ABSG has never taken any follow up action to seek any sort of such relief, strongly suggesting that ABSG itself agrees that monetary damages are an adequate remedy. *See VirtualAgility*, 759 F.3d at 1320 (finding that "[t]he patentee's delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay"); *see also Xilidev, Inc. v. Boku, Inc.*, No. 3:13–cv–02793–DMS–NLS, 2014 WL 3353256, at *2 (N.D. Cal. July 1, 2014) ("Plaintiff has not sought any preliminary injunctive relief to suggest that it has any stake in this case other than alleged money damages, which are available even if this case proceeds after CBM review.") (citing *Zillow*, 2013 WL 5530573, at *6 ("Many courts have found, however, that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.")).

Should ABSG ultimately prevail in this matter after a stay (which FFF Enterprises strongly maintains will never happen), then ABSG can seek monetary damages for any accused activities occurring during the stay. *See VirtualAgility*, 2014 759 F.3d at 1318 (observing that

"[a] stay will not diminish the monetary damages to which [the patent owner] will be entitled if it succeeds in its infringement suit").

Therefore, this factor also weighs in favor of granting a stay.

4. Staying the Litigation Will Reduce the Burden on the Parties and the Court

The final factor, which courts have acknowledged was intended "to ensure that district courts would grant stays pending CBM review proceedings at a higher rate than they have allowed stays pending *ex parte* reexaminations," also weighs heavily in favor of granting a stay. *Landmark Tech.*, 2014 WL 486836, at *4 (citing *Market-Alerts*, 922 F. Supp. 2d at 496). Indeed, "Section 18 'places a very heavy thumb on the scale in favor of a stay being granted' and an expectation that 'if a proceeding against a business method patent is instituted, the district court would institute a stay of litigation unless there were an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination." *Id.* (citing 157 Cong. Rec. S1363–64 (daily ed. Mar. 8, 2011) (statement of Sen. Charles Schumer)).

Staying the litigation would alleviate the burden of simultaneously litigating many validity issues in this Court and also before the PTAB. Granting a stay will also avoid wasting the Court's resources and the parties' resources litigating infringement and invalidity of patent claims that will likely be canceled now that the PTAB has decided to institute. This factor therefore also favors granting a stay. *Id.* ("Since the entire purpose of the transitional program at the PTO is to reduce the burden of litigation, it is nearly impossible to imagine a scenario in which a district court would not issue a stay.").

* * *

Accordingly, all four statutory factors favor staying the litigation at this time pending CBM Review. Once both claims of the '607 Patent are cancelled—which the PTAB has now concluded will happen "more likely than not" (Ex. 2 at 20)—then "[t]his would not just reduce the burden of litigation on the parties and the court—it would entirely eliminate it." *VirtualAgility*, 759 F.3d at 1314.

## VI. CONCLUSION

For the foregoing reasons, FFF Enterprises respectfully requests that the Court stay this litigation until the CBM Review, which has now been instituted by the PTAB with respect to both claims of the '607 Patent, is resolved.

Dated:  February 2, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Thomas B. Walsh, IV*
    Thomas M. Melsheimer
    Texas Bar No. 13922550
    melsheimer@fr.com
    Thomas B. Walsh, IV
    Texas Bar No. 00785173
    walsh@fr.com
    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

    David A. Gerasimow (SBN 0389309)
    gerasimow@fr.com
    FISH & RICHARDSON P.C.
    3200 RBC Plaza
    60 South Sixth Street
    Minneapolis, MN 55402
    (612) 335-5070 (Telephone)
    (612) 288-9696 (Facsimile)

    Clyde Moody Siebman
    Texas Bar No. 18341600
    clydesiebman@siebman.com
    SIEBMAN, BURG, PHILLIPS &
       SMITH, LLP
    300 N. Travis Street
    Sherman, TX 75090
    Telephone: (903) 870-0070
    Facsimile: (903) 870-0066

    Counsel for Defendant and Counterclaim-Plaintiff FFF ENTERPRISES, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 2, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Thomas B. Walsh, IV*
Thomas B. Walsh, IV

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies, pursuant to Local Rule CV-7(i), that counsel for FFF Enterprises, Inc. ("FFF Enterprises") has complied with the meet-and-confer requirement in Local Rule CV-7(h). In particular, on Friday, January 30, 2015, Thomas Walsh, counsel for FFF Enterprises, met and conferred telephonically with Jamil Alibhai, counsel for Plaintiff AmerisourceBergen Specialty Group, Inc. ("ABSG"), regarding whether ABSG would agree to stay these proceedings pending the CBM Review. ABSG's counsel stated that ABSG would oppose a stay of these proceedings. This Motion is therefore ripe for resolution by the Court.

*/s/ Thomas B. Walsh, IV*
Thomas B. Walsh, IV